CARTER *v.* ANDERSON *et al.*

(*Common Pleas of New York City and County, General Term.* February 2, 1891.)

APPEAL ON SUMMARY PROCEEDINGS—RESTITUTION OF PREMISES.

On reversal of a final order, which awarded to the petitioner, in summary pro-ceedings for the recovery of real property, the possession of the premises involved,

it appeared that such premises were in possession of a tenant under a lease for a term not yet expired. *Held*, that restitution to the defendants could not be awarded, under Code Civil Proc. N. Y. § 1323, authorizing an appellate court to compel restitution of property, or a right lost by an erroneous judgment or order, "but not so as to affect the title of a purchaser in good faith and for value. "

Motion for restitution of possession of real property, on reversal, upon appeal, of a final order in summary proceedings to recover possession thereof, which order awarded possession to the petitioner, Ellen Carter. The defendants, Mary Anderson and William Anderson, move for restitution upon the reversal of the order on their appeal. For decision on such appeal, see 11 N. Y. Supp. 883. Code Civil Proc. N. Y. § 1323, provides: "When a final judgment or order is reversed or modified, upon appeal, the appellate court * * * may make or compel restitution of property or of a right lost by means of the erroneous judgment or order; but not so as to affect the title of a purchaser in good faith and for value."

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Roe & Macklin,* for the motion.   *William P. Burr,* opposed.

PER CURIAM. As it appears by the moving papers that Hugh C. McGown is in possession of the premises under a lease which is not to expire until May 1, 1893, restitution cannot be awarded, (Code Civil Proc. § 1323; *Costar* v. *Peters,* 4 Abb. Pr., N. S., 53;) but the petitioners must be remitted to their remedy by action; (*Market Nat. Bank* v. *Pacific Nat. Bank,* 102 N. Y. 464, 7 N. E. Rep. 302.)   Motion denied, but without costs.